IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00303-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| ELIAS PHILLIP FRANCIS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's Notice of Appeal of Order of Detention, (Doc. No. 24), and the government's Response in Opposition, (Doc. No. 25). For the reasons stated below, the Court will affirm the detention Order.

The defendant initially consented to his detention after his arrest on a charge of possessing a firearm as a felon, (Doc. No. 6: Order at 2), to which he later pled guilty, (Doc. No. 15: Entry and Acceptance of Guilty Plea). He sought release pending sentencing based on anxiety and depression, which he claims are compounded by the Coronavirus pandemic that threatens the Mecklenburg County jail population and society as a whole. (Doc. No. 22). A magistrate judge denied the motion based on the aggravated nature of the offense, which involved a high-speed vehicle chase, the defendant's long record, and the possibility of an armed career criminal sentence and a finding that the case did not present "exceptional circumstances." (Text-only Order, April 3, 2020). This appeal followed.

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial detention order. <u>United States v. Stewart</u>, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing <u>United</u>

States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The defendant's detention was required following his plea because the maximum punishment is life under 18 U.S.C. § 924(e), and he has not attempted to satisfy the conditions for release in 18 U.S.C. § 3143(a)(2). United States v. Goforth, 546 F.3d 712, 713 (4th Cir. 2008) (explaining provisions of Mandatory Detention Act). Even so, he could be released under 18 U.S.C. § 3145(c) if (1) clear and convincing evidence showed that he is not likely to flee or pose a danger to the safety of others; and (2) it were clearly shown that there are "exceptional reasons" why his detention would not be appropriate. Id. Here, the defendant does not argue that he is not a risk of flight or danger, but rather points to the effect of the Coronavirus pandemic on his mental health. (Doc. No. 24: Notice of Appeal at 1).

The Court has carefully conducted a de novo review of the evidence before the magistrate judge and the entire record in this case and finds the magistrate judge's decision to detain the defendant was correct. The defendant's criminal history, including multiple residential break-ins, firearm possession, and robbery, (Doc. No. 21: Presentence Report at 7-9), and the facts of this case, including dangerously evading law enforcement in a vehicle, (Id. at 4), show he would be a risk of danger to the safety of the community and of flight if released. Therefore, he may not be

2

Case 3:19-cr-00303-RJC-DCK   Document 30   Filed 04/28/20   Page 2 of 3

released under § 3145(c) even if his concern about the Coronavirus were considered "exceptional."

**IT IS, THEREFORE, ORDERED** that the defendant's Notice of Appeal, (Doc. No. 24), seeking revocation of the magistrate judge's detention order is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: April 28, 2020

Robert J. Conrad, Jr.
United States District Judge